UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

EDWARD T. FITZWATER, and
KELLE FITZWATER,

          Plaintiffs,

  v.

BANK OF AMERICA, N.A., as successor in interest to BAC HOME LOANS SERVICING, LP,

          Defendant.

Case No. 2:16-cv-00285-RFB-NJK

**ORDER**

### I. INTRODUCTION

Before the Court are: 1) Plaintiffs' Motion for a Temporary Restraining Order, Motion for Preliminary Injunction, and Motion for Summary Judgment (ECF Nos. 4-6); and 2) Defendant's Motion to Dismiss (ECF No. 17). For the reasons stated at the hearing held on February 16, 2016 and below, the Court denies Plaintiffs' motions and grants Defendant's Motion to Dismiss.

### II. BACKGROUND

#### A. Factual Allegations

Plaintiffs' motions allege the following common set of facts:

This lawsuit involves Plaintiffs' real property located at 10947 Carberry Hill Street, Las Vegas, Nevada 89141 (the "Property"). ECF No. 5; Pl's Mot. Summ. J. at 4. On or about August 14, 2007, Plaintiff executed a deed of trust related to the Property naming Countrywide Bank, FSB ("Countrywide"), as the Lender ("Deed of Trust"). Id. The Deed of Trust and correlating

1    promissory note (the "Note") encumbered the Property with an indebtedness in the amount of
2    $316,000.00. Id.

3    Defendant Bank of America ("BAC") purchased Countrywide in July 2008. Id. Plaintiffs'
4    loan was then transferred to BAC. Id.

5    Plaintiff contacted BAC in October 2008 to discuss loan modification options. Id.
6    Plaintiffs were informed that they would have to be in default before a loan modification would
7    be forthcoming. Id. at 5. In reliance on this representation, Plaintiffs missed a payment on their
8    mortgage on December 2008. Id. The parties then began a long and procedurally technical series
9    of interactions, in and out of the courts. Id.

10   On or about March 25, 2009, Defendant, through its trustee, filed a Notice of Default and
11   Election to Sell related to the Property in the official records of Clark County ("First Notice of
12   Default"). Id.

13   The First Notice of Default stated that because there was a "failure to pay the installment
14   of principal, interest and impounds which became due on 12/01/2008 … the present beneficiary
15   under such deed of trust has executed and delivered to Recontrust Company, N.A., a written
16   Declaration of Default and Demand for sale… and has declared and does hereby declare all sums
17   secured thereby immediately due and payable and has elected and does hereby elect to cause the
18   trust property to be sold to satisfy the obligations secured thereby." Id.

19   As a result of the above quoted information from the First Notice of Default, Defendant
20   accelerated the Note and Deed of Trust on March 25, 2009, or the day that the First Notice of
21   Default was executed. Id.

22   On or about June 30, 2009, October 21, 2009, May 24, 2011, and August 22, 2012,
23   Defendant, through its trustee, filed Nevada Notices of Trustee's Sale related to the Property in
24   the official records of Clark County. Id. at 5-6.

25   On or about January 4, 2013, Defendant, through its trustee, filed a Rescission of Election
26   to Declare Default Nevada related to the Property in the official records of Clark County. Id. at 6.
27   The Rescission stated that "the Trustee for the Beneficiary does hereby rescind, cancel, and
28   withdraw the Notice of Default and Election to Sell hereinafter described," but states that it "shall

be deemed to be, only an election without prejudice not to cause a sale to be made pursuant to the Notice of Default and Election to Sell," and shall not in any alter any underlying terms, obligations or liabilities. Id. at 6.

On or about October 27, 2014, Defendant, through its trustee, filed a Notice of Default and Election to Sell Under Deed of Trust Nevada related to the Property in the official records of Clark County (the "Second Notice of Default"). Id. at 6-7. This Second Notice of Default indicated that payments due as of "02/01/2009" had not been paid. Id. at Ex. K.

On or about February 17, 2015, Defendant, through its trustee, filed a Nevada Notice of Trustee's Sale related to the Property in the official records of Clark County. Id. at 7.

As of January 14, 2016, Defendant "has not filed an action to either foreclose on the Property, or seek other breach of contract claims related to the Mortgage against Plaintiff." Id.

### B. Claims

The Complaint has two claims. The first claim is a claim for quiet title to the Property based upon Plaintiffs' assertion that they now have a superior interest in the Property. The second claim is a claim for injunctive relief to prevent Defendant from foreclosing on the Property.

### C. Relief Sought

Plaintiffs Motions for a Preliminary Injunction seeks an order prohibiting Defendant from pursuing any foreclosure sales until the case has been resolved. Plaintiffs Motion for Summary judgment seeks declaratory relief providing that the statute of limitations prevents Defendant or anyone acting on their behalf from pursuing any foreclosure actions or any actions seeking any monetary damages against Plaintiffs related to the deed of trust at issue. Defendant's Motion to Dismiss seeks dismissal of the complaint in its entirety.

### D. Procedural History

This case was removed on February 11, 2016. ECF No. 1. Plaintiffs filed a Temporary Restraining Order, Preliminary Injunction, and Motion for Summary Judgment on February 12, 2016. ECF Nos. 4-6. Defendant filed a Motion to Dismiss on February 23, 2016. ECF No. 17. The Court held a hearing on February 23, 2016 regarding the Motion for Temporary Restraining Order and Motion for Preliminary Injunction. ECF No. 24. At that hearing, the Defendant

represented to the Court that it would not engage in any action regarding the subject property pending the Court's resolution of the outstanding motions. Therefore the Court took the motions under submission at that time. No scheduling order has been issued in this case.

### III.   MOTION TO DISMISS

Defendant's Motion to Dismiss (ECF No. 17) seeks dismissal of all claims on the grounds that they are claim precluded, or barred as a matter of law.

#### A.  Legal Standard

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but merely asserting "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). In elaborating on the pleading standard described in Twombly and Iqbal, the Ninth Circuit has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

/ / /

/ / /

/ / /

**B. Discussion**

**1. Plaintiff's Claim is Barred by Claim Preclusion**

**a. Legal Standard**

Nevada law governs the preclusive effect of final judgment rendered by a federal court sitting in diversity and applying Nevada law. Semtek Int'l Inc v. Lockheed Martin Corp., 531 U.S. 497, 508-509 (2001). When considering a Motion to Dismiss, a Court may properly look beyond the complaint to consider "matters of general public record." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1998).

Under Nevada law "for claim preclusion to apply, a defendant must demonstrate that (1) there has been a valid, final judgment in a previous action; (2) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first action; and (3) the parties or their privies are the same in the instant lawsuit as they were in the previous lawsuit[.]" Weddell v. Sharp, 350 P.3d 80, 81 (2015), reh'g denied (July 23, 2015). The second requirement means only that any new claims must arise from the same set of facts or circumstances, and must have been legally cognizable at the time of the prior suit. Five Star Capital Corp. v. Ruby, 194 P.3d 709, 713 (Nev. 2008) ("claim preclusion applies to preclude an entire second suit that is based on the same set of facts and circumstances as the first suit.").

**b. Discussion**

Defendant argues that each element of claim preclusion has been met. Defendant asserts, and Plaintiffs concede, that there has been a valid, final judgment in a previous action, and that the parties are the same. This is confirmed by public record. Case No. 2:15-cv-00825-GMN-NJK: ECF No. 32. The parties contest only whether or not the subsequent action is based on the same claims that could have been brought in the first action.

Defendant argues that the statute of limitations claim here could have been brought prior to the termination of the prior suit. Assuming the validity of Plaintiffs' claims, the six-year contracts statute of limitations began to run when the debt was accelerated on March 25, 2009. Thus the factual basis for the current lawsuit arose on March 25, 2015 based on the Plaintiffs' own assertions as to the relevant statute of limitations period. Defendant argues that Plaintiffs submitted

a motion for preliminary injunction on May 11, 2015, seeking an injunction preventing a foreclosure sale of the same property. This is also confirmed by the public record. Case No. 2:15-cv-00825-GMN-NJK: ECF No. 12. Defendant argues that at that time Plaintiff could have argued that the sale was prevented by the statute of limitations, as they do in the instant litigation.

Plaintiff argues that the prior case was fundamentally different because Plaintiffs had sought to enforce a settlement agreement in which Plaintiffs agreed to surrender their home. They sought an injunction against foreclosure that would have enforced an alleged settlement requiring a non-foreclosure sale, while here they are seeking quiet title. Plaintiffs conclude that because of this, the two cases are not based on the same facts or alleged conduct.

The Court finds that the sole claim in this case, seeking declaratory relief barring foreclosure based on the statute of limitations, is barred by claim preclusion. Under Nevada law, if the parties are the same and a final judgment rendered on the prior case, the new claim is precluded if it "could have been brought in the first action." Weddell v. Sharp, 350 P.3d 80, 81 (Nev. 2015), reh'g denied (July 23, 2015) (emphasis added). Here Plaintiffs filed a motion seeking the same relief—an order preventing a foreclosure sale—based on the same facts, after the allegedly applicable statute of limitations had run. Case No. 2:15-cv-00825-GMN-NJK: ECF No. 12. On July 28, 2015, again after the statute of limitations claim had arose, the Court granted a stipulated scheduling order, which stated that "The deadline to amend pleadings and add parties shall be Tuesday, September 29, 2015, which is ninety (90) days prior to the close of discovery." Case No. 2:15-cv-00825-GMN-NJK: ECF No. 29 at 4. That September deadline for amendment was nearly six months after the instant claim arose. Thus, Plaintiffs undoubtedly had the opportunity to, and the legal possibility of presenting the instant claim in the prior case, but did not. As such, it is precluded.

Therefore, Plaintiffs Motion to Dismiss is granted. As the only claim is barred by claim preclusion, the Court does not address the remaining arguments in Defendant's Motion to Dismiss. Claim preclusion bars the instant suit, and is thus determinative of the remaining motions. Nonetheless, the Court finds that even if claim preclusion did not apply, Plaintiffs argument fails as a matter of law. The remaining motions are addressed briefly below.

### IV. MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

#### A. Legal Standard

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). "[A TRO] may be granted if the plaintiff shows [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest. Alternatively, it may be granted upon showing that there are serious questions going to the merits, and the balance of hardships tips sharply in the plaintiff's favor, but only if the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." M.R. v. Dreyfus, 735 F.3d 1058, 1059 (9th Cir. 2011) (internal quotations and citations omitted).

#### B. Discussion

##### 1. Likelihood of Success on the Merits

To establish a substantial likelihood of success on the merits, a plaintiff must show "a fair chance of success." Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir.1988) (en banc). The Court does not find that Plaintiff has established a likelihood of success on the merits.

Declaratory relief is available when: (1) a justiciable controversy exists; (2) the controversy is between parties with adverse interests; (3) the party seeking declaratory relief has a legally protectable interest; and (4) the issue involved in the controversy is ripe for judicial determination. Doe v. Bryan, 728 P.2d 443, 444 (Nev. 1986). The Court finds that declaratory relief is available here. There is a justiciable controversy – whether the statute of limitations bars Defendant from enforcing its rights under the Deed of Trust or the related note; the parties are adverse; the interest which Plaintiffs are seeking to protect is their ownership of the Property; and, finally, given that the Defendant has issued a notice of default, the controversy—who possesses superior title to the property and whether the Defendant may foreclose on the plaintiffs—is ripe for judicial determination.

Plaintiffs argue that, because the First Notice of Default was issued on March 25, 2009, over 7.5 years ago, the Defendant is now time-barred from foreclosing on Plaintiffs' home.

- 7 -

1  Plaintiffs argue that Under Nevada law, the Mortgage is a contract between Plaintiffs and the
2  beneficiary of the Mortgage. The remedy of any breach of the obligations contained in the
3  Mortgage would be a breach of contract action. Under Nevada law, a foreclosure of real property
4  pursuant to N.R.S. Chapter 107 is a remedy available through a breach of contract action. Under
5  Nevada law, no breach of contract action shall be brought after six years from when the breach is
6  alleged to have occurred. N.R.S. §11.190. Therefore, the Plaintiffs argue that Defendant had six
7  (6) years to seek the contractual remedy of foreclosure beginning from the Notice of Default on
8  March 25, 2009, when the debt was accelerated and the option to foreclose arose.

9  In their Response, the Defendant argues that the case fails on the merits. Defendant argues
10 that the statute of limitations applicable to the timely enforcement of deeds of trust is not based
11 upon N.R.S. §11.190 but upon N.R.S. § 106.240. Pursuant to N.R.S. § 106.240, Defendant has 10
12 years from the date the debt becomes wholly due to foreclose on the deed of trust or it is
13 extinguished: "The lien heretofore or hereafter created of any mortgage or deed of trust upon any
14 real property, appearing of record, and not otherwise satisfied and discharged of record, shall at
15 the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the
16 terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall
17 be conclusively presumed that the debt has been regularly satisfied and the lien discharged." See
18 Pro-Max Corp. v. Feenstra, 16 P.3d 1074, 1077 (Nev. 2001), opinion reinstated on reh'g (Jan. 31,
19 2001) ("N.R.S. 106.240 creates a conclusive presumption that a lien on real property is
20 extinguished ten years after the debt becomes due.").

21 Plaintiff replies by arguing that the six year statute of limitations under N.R.S. 1190(1)(b),
22 not ten year, statute applies and that neither N.R.S. 106.240 nor Pro-Max applies. Plaintiff argues
23 that in Nevada, Chapter 11 titled "limitations of actions" governs the statute of limitations for all
24 claims. Plaintiff argues that Chapter 11's subsection "Real Property" does not apply because the
25 actions included in the real estate section are actions which are based in an inherent claim that lies
26 with the land, such as adverse possession or seisen. Foreclosure, however is "not inherent within
27 a property, but one that stems from a contractual obligation." Therefore, the appropriate statute of
28 limitations is governed by the statute for contractual obligations under N.R.S. 1190(1)(b).

Plaintiff also argues that "[N.R.S. 106.240] has nothing to do with a breach of a mortgage, or the remedies which are available there under." In other words, N.R.S. 106.240 does not indicate that a lender has ten years from the date of default to pursue a mortgage; rather, it indicates that if there is an instrument that is on title for ten years after the full amount is due, it will be removed from title. Plaintiff further argues that Pro-Max does not apply, because N.R.S. 106.240 deals with the extinguishing of real property debts after they become due. Plaintiff asserts that this case is distinguishable, because the statute of limitations for pursuing a breach of a deed of trust and promissory note are rights which stem from contract. Last, Plaintiff replies that the six-year limitation is consistent with Nevada case law.

Defendant further argues that even assuming the six-year statute of limitations for contract actions applies, a nonjudicial foreclosure is not a "action" within the purview of the statute; that a statute of limitations such as N.R.S. 11.190 cannot be used affirmatively, "as a sword" for declaratory relief; and, again assuming that the 6-year statute of limitations applies, that the 2013 Rescission of the 2009 Notice of Default and Election to Sell reset the statute. Plaintiffs respond that their claim meets the requirements of declaratory relief, and that the rescission explicitly states that it does nothing other than declare an intention not to sell the property.

The Court finds that even under a six-year statute of limitations, Defendant would not be prohibited from foreclosing on the Property.  Even if Defendant were precluded from foreclosing under the initial Notice of Default in March 2009, they are not precluded from foreclosing because they initiated a second foreclosure action by means of the Second Notice of Default filed October 2014, subsequent to the Recession of the first notice. ECF No. 4 at ¶¶ 22-25.  This conclusion derives from an analysis of the relevant statutes and how they operate in the context of foreclosure.

The six-year statute of limitations that Plaintiffs allege applies states in relevant part: "Except as otherwise provided in N.R.S. 40.4639, 125B.050 and 217.007, actions other than those for the recovery of real property, unless further limited by specific statute, may only be commenced as follows: 1. Within 6 years: (a) . . . (b) An action upon a contract, obligation or liability founded upon an instrument in writing, except those mentioned in the preceding sections of this chapter." N.R.S. 11.190(1)(b). Thus even assuming that a nonjudicial foreclosure is an action falling within

the terms of the statute (which the Court need not determine), the statute requires only that it "commence" within six years of the time the cause of action arose.[1] The question then, is when, under Nevada law, a nonjudicial foreclosure "action" commences.

Nevada Revised Statutes 107.080 confers the power of sale pursuant to a mortgage agreement (foreclosure sale), and lays out the procedural requirements to exercise that power. N.R.S. 107.080. Before a property can be sold pursuant to a mortgage agreement, the statute requires executing and recording "a notice of breach and of the election to sell or cause to be sold the property to satisfy the obligation." N.R.S. 107.080(2)(c). In addition, prior to any sale, notice of sale must be recorded, and notice must be provided to the mortgagor. N.R.S. 107.080(4). For residential homeowners, the statute mandates that both sides participate in mediation after the initial Notice and prior to any sale. N.R.S. 107.086. The statute includes waiting periods and various other requirements depending on the circumstance. See N.R.S. 107.080. A mortgagee or its agents cannot simply initiate a foreclosure sale after a breach, even where the terms of a contract may purport to permit that; rather, they must abide by a particular multi-step process that begins with the execution and recording of a Notice of Default and Election to Sell and delivery of that Notice to the debtor/homeowner.

The Nevada Supreme Court has described the recording of the Notice of Default and Election to Sell as "reinitiat[ing] nonjudicial foreclosure." Holt v. Reg'l Tru. Serv. Corp., 266 P.3d 602, 604 (Nev. 2011) ("RTSC reinitiated nonjudicial foreclosure by recording a second notice of default and election to sell.") In Holt, as here, there was a rescission that claimed to be only an election without prejudice not to sell, followed by another Notice of Default and Election to Sell. The Nevada Supreme Court found that where sale under the first Notice had been barred by judicial order, the defendant could "reinitiate the foreclosure process" by recording a new Notice of Default and Election to Sell.

---

[1] Plaintiffs' entire argument is premised on the notion that the initiation of the foreclosure process and the rights of an entity or person to initiate a nonjudicial foreclosure is necessarily governed by the statute of limitations for bringing an "action" or lawsuit under N.R.S. 11.190(1)(b). In rejecting the Plaintiffs' argument on its own terms, the Court is not making a finding that such is the case under Nevada law.

- 10 -

1    Under this framework, the legally required first step in the foreclosure process is the Notice
2    of Default and Election to Sell. In this case, after the Rescission made it unlawful to proceed with
3    a sale under the First Notice of Default, the Second Notice of Default was recorded prior to the
4    expiration of the allegedly applicable six-year statute of limitations for contract actions. Plaintiffs
5    allege that following that second Notice, and prior to the expiration of the allegedly applicable six-
6    year statute of limitations, Defendant filed a Notice of Trustee's Sale pursuant to the second Notice
7    of Default and Election to Sell: "On or about February 17, 2105, Defendant, through its trustee,
8    filed a Nevada Notice of Trustee's Sale related to the Property in the official records of Clark
9    County, as document number 201502170000043." Id. at 7. Thus, even presuming that the six-year
10   statute applies, and that nonjudicial foreclosure constitutes an "action" falling within that statute
11   of limitations, the action was commenced within six years of the original default and
12   acceleration—of the breach giving rising to the contracts action.

13   There remains the possibility of a finding of undue delay under the equitable doctrine of
14   laches, invoked in Plaintiffs' Reply in Furtherance of their Motion for a Temporary Restraining
15   Order. ECF No. 13. "Laches is an equitable doctrine which may be invoked when delay by one
16   party works to the disadvantage of the other, causing a change of circumstances which would make
17   the grant of relief to the delaying party inequitable." Mackintosh v. California Federal Sav. & Loan
18   Ass'n, 935 P.2d 1154, 1161 (Nev. 1997). Moreover, "[e]specially strong circumstances must exist
19   . . . to sustain a defense of laches when the statute of limitations has not run." Bldg. and Constr.
20   Trade Council of N. Nevada v. State of Nevada, ex rel. Pub. Works Bd., 836 P.2d 633, 637 (Nev.
21   1992). Plaintiffs' Motion cites hardships that have resulted from the failure to consummate a
22   foreclosure sale, including accrued Homeowners' Association fees, and argues that the Defendant,
23   in denying requests and successfully defending against litigation, have caused that hardship. The
24   Court does not find the requisite "especially strong circumstances" in this case. Defendant has
25   reinitiated the foreclosure process within the allegedly applicable statute of limitations, have
26   abided by the required process, and sought one sale within the timeframe covered by the allegedly
27   applicable statute of limitations. The fact that they have not successfully consummated a sale does
28   not render their actions inequitable such that they should be enjoined from seeking another sale.

Therefore, Plaintiffs' Motion for a Temporary Restraining Order and Motion for a Preliminary Injunction are denied.

### V.  MOTION FOR SUMMARY JUDGMENT

#### A.  Legal Standard

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). However, "[i]f a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1102–03 (9th Cir. 2000).

#### B.  Undisputed and Disputed Facts

Plaintiffs Motion for Summary Judgment relies on the common facts laid out above, and seeks declaratory relief enjoining any foreclosure of the property. Defendant's Response relies on the facts as alleged, and argues the claim fails as a matter of law.

#### C.  Discussion

For the reasons stated above, Plaintiffs' claim is precluded and fails as a matter of law under the facts alleged by the Plaintiffs in their Motion for Summary Judgment. Therefore, Plaintiffs' Motion for Summary Judgment is denied.

## VI. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 17) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for a Temporary Restraining Order (ECF No. 4) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for a Preliminary Injunction (ECF No. 5) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Judgment (ECF No. 6) is DENIED.

**DATED:** September 30, 2016.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**